DOCUMENT 2

ELECTRONICALLY FILED
9/29/2017 7:07 AM
03-CV-2017-901526.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
TIFFANY B. MCCORD, CLERK

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| JACQUELINE THOMAS, | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) |
| | ) |
| BURLINGTON STORES, INC., | ) |
| DEFENDANTS "A", "B" and "C", | ) |
| fictitious individual, firm or | ) |
| entity responsible as | ) |
| principal for the acts complained | ) |
| of in this Complaint, whose identity | ) |
| is otherwise unknown to the | ) |
| Plaintiff, but will be added by | ) |
| Amendment when ascertained, | ) |
| | ) |
| **Defendants.** | ) |

CASE No.:   CV-2017-_____

### COMPLAINT

COMES NOW, the Plaintiff, **Jacqueline Thomas**, by and through her attorney of record, Steven P. Floyd, pleads and alleges as follows:

### FACTS

1.      Plaintiff **Jacqueline Thomas** is a resident of Alabama.

2.      The Defendant, Burlington Stores, Inc., is a Domestic Limited Liability Company organized under the laws of the State of Alabama and doing business in Montgomery County, Alabama, on November 21, 2016.

3.      On or about November 21, 2016, the Defendants owned, operated, managed and/or leased 5445 Atlanta Highway, Montgomery, AL 36109.

4.      **Defendant "A"** is the person, firm or entity responsible for the fall of Plaintiff, **Jacqueline Thomas**, in that they were negligent and/or wanton in the improper placement of a rolling dolly outside the bathroom door of the Defendant, BURLINGTON STORES, INC.

5.      **Defendant "B"** is the person, firm or entity under the control and/or supervision of Defendant "A", Defendant "C", Burlington Stores, Inc., and/or an employee and/or an individual under the supervision of the Defendant and was negligent and/or wanton in in that they were negligent and/or wanton in the improper placement of a rolling dolly outside the bathroom door of the Defendant, BURLINGTON STORES, INC.

6.      **Defendant "C"** is the person, firm or entity responsible for the fall of Plaintiff, **Jacqueline Thomas**, in that they were negligent and/or wanton in their conduct relating to the failure to warn the Plaintiff, **Jacqueline Thomas**, of any potential hazard or dangerous condition as it pertains to the improper placement of a rolling dolly outside the bathroom door of the Defendant, BURLINGTON STORES, INC.

7.      Said real property is open to the general public.

## COUNT I

8.      On or about November 21, 2016, the Plaintiff, **Jacqueline Thomas**, was an invitee at said Burlington Coat Factory store on Atlanta Highway, in Montgomery Alabama.

9.      On or about November 21, 2016, the Plaintiff, **Jacqueline Thomas**, tripped, fell and was injured.

10.     Plaintiff's said fall was the proximate result of the Defendant BURLINGTON STORES, INC.'s negligence and/or wantonness, in that said Defendant allowed the improper

placement of a rolling dolly outside the bathroom door of the Defendant, BURLINGTON STORES, INC.

11.     Said premises were under the care and charge of the Defendant and the Defendant had knowledge of the improper placement of a low, rolling dolly outside the bathroom door of said area.

12.     Defendant allowed said the rolling dolly to remain in place outside the bathroom door and the danger it posed.

13.     Plaintiff's fall was the proximate result of the Defendant DHR's negligence and/or wantonness, in that said Defendant:

        A.     Failed to provide adequate warning and/or mitigate the potential danger to the public;

        B.     Failed to provide adequate equipment and/or protective devices if they could not remove the dangerous condition;

        C.     Failed to remove, abate or mitigate a hazardous condition as evidence may show.

14.     Defendant BURLINGTON STORES, INC. knew or should have known of said dangerous condition.

15.     At all times pertinent, the Defendant owed a duty to the public to keep the premises in a reasonably safe condition, and, if premises are unsafe, to warn of hidden defects and dangers that are known to Defendant but that are hidden or unknown to the public.

16.     As a proximate result of the Defendant's said negligence and/or wantonness, the Plaintiff, **Jacqueline Thomas**, was caused to suffer left hip, shoulder, and back injuries, pain,

suffering, mental anguish. The Plaintiff further suffered lost work time due to her above stated injuries.

17.     The capacity of the Plaintiff to enjoy life and participate in social and physical activities in which she previously engaged was reduced immediately following the accident and may be permanently reduced.

## COUNT II

18.     Plaintiff, **Jacqueline Thomas**, incorporates the previous paragraphs into this her paragraph.

19.     Plaintiff, Jacqueline Thomas makes claim against **Defendant "A"** is the person, firm or entity responsible for the fall of Plaintiff, **Jacqueline Thomas**, in that they were negligent and/or wanton in the improper placement of a rolling dolly outside the bathroom door of the Defendant, BURLINGTON STORES, INC.

20.     Plaintiff, Jacqueline Thomas makes claim against **Defendant "B"** is the person, firm or entity under the control and/or supervision of Defendant "A", Defendant "C", Burlington Stores, Inc., and/or an employee and/or an individual under the supervision of the Defendant and was negligent and/or wanton in the improper placement of a rolling dolly outside the bathroom door of the Defendant, BURLINGTON STORES, INC.

21.     Plaintiff, Jacqueline Thomas makes claim against **Defendant "C"** is the person, firm or entity responsible for the fall of Plaintiff, **Jacqueline Thomas**, in that they were negligent and/or wanton in their conduct relating to the failure to warn the Plaintiff, **Jacqueline Thomas**, of any potential hazard or dangerous condition as it pertains to the improper placement of a rolling dolly outside the bathroom door of Defendant, BURLINGTON STORES, INC.

22.    Plaintiff avers said Defendant had a duty to act and breached said duty proximately resulting in her injuries.

**WHEREFORE**, the Plaintiff, **Jacqueline Thomas,** demands judgment against all Defendants for compensatory and punitive damages in an amount in excess of Ten Thousand and NO/100 Dollars ($10,000.00), plus interest and Court costs.


### PLAINTIFF DEMANDS TRIAL BY STRUCK JURY AS TO ALL COUNTS


/s/ Michael L. White
MICHAEL L. WHITE (WHI095)
Attorney for Plaintiff

**OF COUNSEL:**

Floyd, Hunter, Kies & White, P.C.
P.O. Drawer 1227
Millbrook, Alabama 36054
Telephone:    (334) 285-4488
Facsimile:     (334) 285-4552
E-mail:         mwhite@floydhunter.com


**The Defendant may be served by Certified U.S. Mail as follows:**

Burlington Coat Factory
Attn:  CSC Lawyers Incorporating SRVC Inc.
150 S. Perry Street
Montgomery, AL 36104